```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

<u>Barrington Studios Limited</u>

  v.             Civil No. 10-cv-247-PB

<u>Anthony Sperandeo</u>

### <u>O R D E R</u>

Before the court is defendant's motion to compel discovery. Plaintiff objects. For the reasons given, defendant's motion to compel is granted in part and denied in part.

### **Background**

The facts recited below are drawn from the complaint. Anthony Sperandeo founded Barrington Studios Limited ("Barrington") in 1999. In 2005, he entered into an agreement ("Shareholder Agreement") with George Lencsak and Kristene Burleigh under which each of the three was granted 1000 shares of Barrington stock in exchange for a capital contribution of $200,000. The Shareholder Agreement provides "that if 'two of the three Shareholders determine . . . that there is an irreconcilable dispute with the third Shareholder and the three of them can no longer work together' [Barrington] shall then purchase the ownership interest of the third shareholder for the

'Agreed Buy-out Price.'" Compl. ¶ 11.  The Shareholder Agreement further provides that "the Agreed Buy-out Price for Sperandeo after January 2, 2008 [was] $200,000 plus one-third of the AAA Account, which is defined as the profit of [Barrington] that has not been distributed, minus any amount previously paid to Sperandeo pursuant to paragraph 9.01." Id. ¶ 12.  Sperandeo also entered into an employment agreement with Barrington.  That agreement provided that Sperandeo's employment could be terminated if the two other directors, Lencsak and Burleigh, determined that they could no longer work with him.

By letter dated January 29, 2010, Barrington terminated Sperandeo's employment, and indicated its intent to purchase his shares at the Agreed Buy-out Price.  At that time, Sperandeo's shares were valued at $73,543.36, which was $200,000, less one-third of the AAA Account's negative balance.  In addition, Barrington demanded the return of two company-owned vehicles valued at $66,432.06.  Sperandeo refused to convey his shares to the company.  He also refused to return the vehicles or, in the alternative, to take their value as an offset against Barrington's payment for his shares.

This action by Barrington followed.  Count I is a claim for breach of contract, based on Sperandeo's refusal to convey his shares in exchange for the Agreed Buy-out Price.  Count II is a

claim for conversion, based on Sperandeo's refusal to return the company-owned vehicles.

**Discussion**

"Unless otherwise limited by court order, the scope of discovery . . . [extends to] any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  A party seeking broader discovery, that is, discovery of "any matter relevant to the subject matter involved in the action," is required, under the Rule, to show "good cause."  Id.; see also In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008).

The court "must limit the frequency or extent of discovery otherwise allowed" if and when it determines that:

    (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)   the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the burden or expense of the proposed discovery
> outweighs its likely benefit . . . .

Fed. R. Civ. P. 26(b)(2)(C).

"[T]he purpose of pretrial discovery is to 'make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" Wamala v. City of Nashua, No. 09-cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010) (quoting Macaulay v. Anas, 321 F.3d 45, 53 (1st Cir. 2003)). In this court, the party moving to compel discovery over an adversary's objection bears the burden of showing that the information he seeks is relevant and not privileged. Id. at *2; see also Saalfrank v. Town of Alton, No. 08-cv-46-JL, 2009 3578459, at *3 (D.N.H. Oct. 27, 2009).

With the foregoing principles as a backdrop, the court turns to the specific discovery requests at issue.

Requests 1 & 3 (Barrington Financial Information)

Request 1 consists of the following request, specific objection, and response:

> **Request:** Please provide true and exact copies of any and all financial records of Barrington Studios Limited, USA, no matter their form, whether draft or final documents, including documents that are electronic in nature, and including but not limited to internally created financial documents, all bank statements for all Barrington bank accounts, tax filings, documents provided to outside parties for

>   assistance in preparing tax filings, internal and
>   external audit reports, all profit and loss
>   statements, including monthly and quarterly profit and
>   loss statements, any and all financial projections,
>   and any and all communications that concern, relate
>   to, or mention any of the foregoing documents.
>
>   **Specific Objection:** Barrington objects to this
>   document request on the grounds that it is overbroad,
>   unduly burdensome, oppressive, seeking irrelevant and
>   inadmissible material, seeking material not reasonably
>   calculated to lead to the discovery of admissible
>   evidence or otherwise improper.
>
>   **Response:** Subject to its objections, Barrington
>   has provided tax returns, financial statements and
>   bank statements from 2009 and 2010.

Def.'s Mem. of Law (doc. no. 19-1), at 2.  Sperandeo seeks information related to the AAA Account, the value of which is the basis for determining the amount Barrington must pay him to buy back his shares.  In response to a request from Sperandeo's counsel, Barrington has turned over paper copies of 2009 AAA Account information (presumably the "back-up to the AAA Account for 2009" referred to in Barrington's objection), and has since agreed to provide the back-up for the value of Sperandeo's account through the date of his termination, along with balance sheets through January 2010, and Quickbooks documents in native format for 2009 and January of 2010.

Sperandeo is entitled to nothing more.  The crux of his argument is that he needs information on the AAA Account for all of 2010 in order to demonstrate that Barrington chose to buy him out at a point in its annual income/expense cycle when the AAA Account

5

is at its lowest and thus, based its buy-out calculation on an inaccurate value of his shares.  Without passing on the merits of Sperandeo's argument, the court notes that all the evidence necessary to support it will, necessarily, be included in the AAA Account information for 2009, which Sperandeo has, or will have, in full.  Moreover, as Sperandeo has identified no other way in which the value of the AAA Account after January 29, 2010 is relevant, or calculated to lead to the discovery of admissible evidence, Request 1 is granted, but only to the extent of the materials identified therein that Barrington has already agreed to provide, in its objection.  The request is otherwise denied.

Request 3 consists of the following request, specific objection, and response:

> **Request:** Please provide true and exact copies of each and every document, no matter its form, including documents that are electronic in nature, that concerns, relates to, or mentions the estate of Kristine Burleigh, including but not limited to any and all pleadings filed in any court where Ms. Burleigh's estate is open, communications with estate counsel, heirs, or beneficiaries, and documents related to the purchase or transfer of Ms. Burleigh's interest in Barrington.
>
> **Specific Objection:** Barrington objects to this document request on the grounds that it is overbroad, unduly burdensome, oppressive, seeking irrelevant and inadmissible material, seeking material not reasonably calculated to lead to the discovery of admissible evidence or otherwise improper.
>
> **Response:** Subject to its objections, Barrington states that it has no responsive documents.

6

Def.'s Mem. of Law, at 2-3.  Sperandeo argues that the information Barrington tracks in Quickbooks is responsive to Request 3.  As Barrington has agreed to provide Quickbooks information for 2009 and January of 2010, and as Sperandeo has not demonstrated its entitlement to financial information covering the period after his termination, including information concerning transactions between Barrington and Burleigh's estate, Request 3 is granted to the extent of the Quickbooks information Barrington has agreed to provide, but is otherwise denied.

Requests 2 & 4 (Documents related to Kristene Burleigh)

Request 2 consists of the following request, specific objection, and response:

> **Request:** Please provide true and exact copies of each and every document, no matter its form, including documents that are electronic in nature, that contain communications between George Lencsak and Kristene Burleigh that concern, relate to, or mention Anthony Sperandeo or Barrington Studios.
>
> **Specific Objection:** Barrington objects to this document request on the grounds that it is overbroad, unduly burdensome, oppressive, seeking irrelevant and inadmissible material, seeking material not reasonably calculated to lead to the discovery of admissible evidence or otherwise improper.
>
> **Response:** Subject to its objections, Barrington states that it has no responsive documents.

7

Def.'s Mem. of Law, at 5.  Request 4 consists of the following request, specific objection, and response

> **Request:** Please provide true and exact copies of each and every document, no matter its form, including documents that are electronic in nature, that provides support to Barrington's allegation that Kristene Burleigh supported Mr. Sperandeo's termination from Barrington.
>
> **Specific Objection:** Barrington objects to this document request on the grounds that it is overbroad, unduly burdensome, oppressive, seeking irrelevant and inadmissible material, seeking material not reasonably calculated to lead to the discovery of admissible evidence or otherwise improper.
>
> **Response:** Subject to its objections, Barrington states that it has no responsive documents.

Def.'s Mem. of Law, at 5-6.  It is not entirely clear what relief Sperandeo is seeking, but he seems to be asking the court to compel Barrington to reaffirm its responses to Requests 2 and 4.  Barrington has said that it has no responsive documents.  Apparently, Sperandeo believes that subsequent deposition testimony suggests the possibility that Barrington may have responsive documents.  Given that Barrington is under an obligation to supplement any responses it later discovers to be incomplete or incorrect, see Fed. R. Civ. P. 26(e)(1)(A), Sperandeo has given the court no good reason to compel Barrington to say again what it has already said.  Accordingly, Requests 2 and 4 are denied.

**Conclusion**

For the reasons given and to the extent described above, Sperandeo's motion to compel, doc. no. 19, is granted in part and denied in part.  Specifically, Barrington must produce the material it agreed to provide, as described in its objection to Sperandeo's motion to compel, but nothing more.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  March 22, 2011

cc:  David A. Anderson, Esq.
     Edward J. Sackman, Esq.
     Andru H. Volinsky, Esq.